DA 12-0728

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 229N

CITY OF MISSOULA,

      Plaintiff and Appellee,

  v.

JOHN STEVEN GIRARD,

      Defendant and Appellant.


APPEAL FROM:    District Court of the Fourth Judicial District,
                    In and For the County of Missoula, Cause No. DC 12-301
                    Honorable Robert L. Deschamps, III, Presiding Judge


COUNSEL OF RECORD:

        For Appellant:

                Jeffrey T. Renz, Clinical Professor of Law, School of Law, University of
                Montana; Missoula, Montana

        For Appellee:

                Timothy C. Fox, Montana Attorney General; Jonathan M. Krauss,
                Assistant Attorney General, Helena, Montana

                Jim Nugent, Missoula City Attorney; Gary L. Henricks, Deputy City
                Attorney, Missoula, Montana


                    Submitted on Briefs: July 24, 2013
                                Decided:   August 20, 2013


Filed:

                                _____
                                      Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Appellant John Girard (Girard) appeals the order of the Fourth Judicial District Court, Missoula County, denying his motion to suppress. We affirm.

¶3      Missoula Police Officer Nathan Mattix (Mattix) was driving southbound on Ryman Street on September 11, 2011, at approximately 11:35 p.m. Officer Mattix observed a vehicle making an illegal left turn onto West Front Street from a northbound lane on Higgins Avenue. Officer Mattix made a U-turn to initiate a stop of the vehicle. He activated his Stage 2 emergency lights. The activation of Stage 2 emergency lights causes the previous 60 seconds of patrol car camera footage to be saved automatically. The vehicle proceeded down West Front Road apparently with no indications of illegal driving behavior.

¶4      Officer Mattix activated his Stage 1 emergency lights as soon as the vehicle passed him. Officer Mattix's activation of his Stage 1 emergency lights erased the previous 60 seconds of tape that allegedly had exhibited Girard's good driving. Officer Mattix testified that he activated his Stage 1 emergency lights in order to warn oncoming motorists. Officer Mattix immediately initiated the setting that saved the video upon stopping Girard.

¶5      Officer Mattix arrested Girard, the driver of the vehicle, after conducting a DUI investigation. Girard filed a motion to suppress the evidence of his intoxication in the

Municipal Court. Girard contended that Officer Mattix had detained him unlawfully because Officer Mattix had not been in a position to see an illegal left turn. Girard further argued that Officer Mattix had violated his due process rights when Officer Mattix consciously destroyed 60 seconds of tape that allegedly would have exhibited Girard's good driving behavior. Girard further contended that contradictory statements by Officer Mattix concerning the location of the patrol car at the time that he saw Girard make the illegal left turn constituted a judicial admission. The Municipal Court denied Girard's motions.

¶6      The District Court affirmed. The District Court determined that the judicial admission rule does not apply to the prosecution in a criminal case. The District Court further determined that Officer Mattix could see an illegal left turn from his location that night. Finally, the District Court determined that Girard had produced insufficient evidence to prove that the destroyed tape footage contained exculpatory evidence. Girard appeals.

¶7      Girard argues on appeal that Officer Mattix's conscious decision to activate the State 1 emergency lights and thereby erase the videotape constitutes a due process violation. Girard contends that the destroyed tape contained exculpatory evidence based upon Officer Mattix's admission that the tape would have exhibited signs of Girard's good driving. Girard further argues that contradictory statements concerning the location of Officer Mattix's patrol car constitute a judicial admission.

¶8      We review a district court's grant or denial of a motion to suppress to determine whether the court's findings are clearly erroneous and whether those findings were applied correctly as a matter of law. *State v. Gill,* 2012 MT 36, ¶ 10, 364 Mont. 182, 272 P.3d 60.

3

Although we agree with Girard that Officer Mattix's explanation for switching between his Stage 1 and Stage 2 emergency lights makes little sense, Officer Mattix testified, and the Municipal Court and District Court agreed, that he had observed Girard perform an illegal left-hand turn. This observation, on its own, provided particularized suspicion to support the stop. The District Court properly made this determination based upon its review of the testimony presented at the hearing in the Municipal Court rather than based upon any alleged judicial admissions in the City of Missoula's brief filed in the Municipal Court. We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions.

¶9    Affirmed.

/S/ BRIAN MORRIS

We concur:

/S/ JIM RICE
/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ LAURIE McKINNON

4